IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**LESLIE SCHAFER**
    AND                                  CASE NO.
STEPHEN SCHAFER
3220 CROWNE POINTE
STOW, OHIO 44224

    PLAINTIFFS
                                      COMPLAINT AND JURY DEMAND

    - VS. -

JAYCO, INC.
903 S. MAIN ST.
MIDDLEBURY, INDIANA 46540

    DEFENDANT

---

## PRELIMINARY STATEMENT

1.    This case involves claims asserted under the Ohio and/or Indiana Uniform Commercial Code, the Magnuson Moss Warranty Act, and the Ohio and/or Indiana Deceptive Consumer Sales Act, IC 24-5 et seq.

2.    Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC

2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

3.  The vehicle which is the subject of this dispute was acquired by Plaintiffs in Ohio and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by defendant's authorized representative dealership in Ohio; the place where the relationship of the parties arose is Ohio because the warranty obligations of defendant were received by Plaintiffs with the purchase of the subject RV in Ohio and defendant directly interacted with Plaintiffs in Ohio.

**IDENTIFICATION OF PARTIES**

4.  Leslie and Stephen Schafer are natural persons domiciled and residing in Ohio, citizens of Ohio, and consumers and buyers within the meaning of applicable laws.

5.  Defendant is a corporation authorized to do business and doing business in Indiana and Ohio and whose principal place of business is in Indiana, is a citizen of Indiana, and is a warrantor of a recreational vehicle that Plaintiffs acquired and a supplier and a merchant.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

6.   This case involves a defective 2018 Jayco Melbourne Class C recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract defendant breached.

7.   The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

8.   This claim is for breach of warranty and/or contract by Defendant[1] in Ohio and/or Indiana.

9.   As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

10.  At all times relevant, Camping World RV Sales Akron was a supplier and merchant and an authorized representative and agent of Defendant. Camping World RV Sales Akron was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Plaintiffs

---

[1] Hereafter referred to as the Defendant.

acquired the subject RV from Camping World RV Sales Akron, and Camping World RV Sales Akron made repair attempts on the RV under Defendant's warranty and on Defendant's behalf.

11. On or about August 23, 2018 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire from the Dealer, the Dealer agreed to sell to Plaintiffs, under the terms of a personal loan agreement, and Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2018 Jayco Melbourne Class C recreational vehicle believed to bear VIN #WDAPF4CCXG9700918, and whose total cost was about $148,430.40.

12. Plaintiffs acquired the vehicle in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

13. The purpose of Defendant's warranty was to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose. A secondary purpose of the Defendant's warranty was to give Plaintiffs confidence in the reliability and

quality of the RV. Another secondary purpose of the Defendant's warranty was to give Plaintiffs confidence in the Defendant as a company.

14. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

15. The substantial and other defects in the RV included, but are not limited to: Slide Out Doesn't Seal Properly, Bubbles in Wall Covering, Bunk Window Misshapen and Missing Screen, Mold in Bunk and on Mattress at Water Leak, Water Leaks, Excess Caulk on Coach, Entry Steps Warped, Shower Head Holder Loose, Blemish On Bathroom Wall, Check Gas Light On, Slow Rise Bedroom Shade Pulling Away, Blemish on Ceiling above the Bunk and on Drivers Side Privacy Curtain Rail, Left Side Batten Strip Coming Away, Access Door Under Bed Misaligned, Headboard Crooked, Bunk Cushion Stained, Bathroom Door Warped, Casing Around Bathroom Fan Over Tightened, Bedroom Drawer Opens in Transit and Gouged, Garmin Shutting Itself Down, AUX Input

Appears to be Microphone, USB Input is Instead Charging Output, Garmin Software Needs Updated, DVR Door Won't Open, CATV Inoperative, Antenna Inoperative, Gray & Black Tank Labels Reversed, Cab Privacy Curtain Velcro Missing, GPS Antenna Crooked, Dinette Blind Has Bent Folds, Multiple Sealants Used on Roof, Bottom Corner Pulling Away from Unit, Microphone Screen Bent, Shower Surround Loose, Slide Out Corner Needs Caulked, Screw Poking Out of Wall Near Mirror, Hole in Kitchen Window Screen, Malfunctioning and Excessively Loud Generator, among other things.

16.   Because of the contract and/or warranty-covered defects, Plaintiffs notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning on the date of purchase.

17.   The purpose of Defendant's warranty was to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose. A secondary purpose of the Defendant's warranty was to give Plaintiffs confidence in the reliability and

quality of the RV. Another secondary purpose of the Defendant's warranty was to give Plaintiffs confidence in the Defendant as a company.

18. After being in the repair shop about 2 time and being out of service a total of about 107 days total and accumulating about 35 defects since its acquisition, Plaintiffs notified Defendant that they wanted their money back but Defendant would not do that.

19. Prior to filing this case, Plaintiffs provided notice to Defendant about its abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures to live up to its warranty and/or contract.

20. Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time.

21. As a result Defendant breached its express and/or implied warranties and/or contract and committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

22. As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are

entitled to all applicable legal and equitable remedies in law.

23.  In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

24.  Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

25.  Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

26.  The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to

Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

27.  Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of Defendant to repair the vehicle's defects and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

28.  Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

29.  As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the vehicle.

30.  One or more of the defects and malfunctions in the vehicle were covered under the terms of Defendant's warranties and/or contract, and defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

31.     Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

32.     Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

**SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT**

33.     The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

34.     This claim is for breach of express and/or implied warranties and/or contract of warranties and/or defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

35.     As a result of the above, among other things, Defendant has

breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

36. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

37. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

**THIRD CLAIM: UDAP LAW(S)**

38. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

39. This claim is for violation of applicable state Udap laws, being the Indiana Deceptive Consumer Sales Act, IC 24-5 et seq and/or the Ohio Consumer Sales Practices Act, RC 1345.01 et seq, by Defendant.

40. As a result of the above, among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by Defendant and remain

uncured, including but not limited to:

1. Representing that the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have

2. Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not

3. Representing that the transaction involves or does not involve a warranty and/or contract, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false

4. Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not

5. Breach of express and/or implied warranties and/or contract

6. Violation of the Magnuson Moss Warranty Act and/or its applicable regulations

7. Violation of other consumer protection statute(s)

8. Failing to remedy defects in a warranted vehicle within a reasonable number of attempts

9. Failing to remedy defects in a warranted vehicle within a reasonable amount of time

10. Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and warranty and/or contract transaction

11. Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty and/or contract transaction within a reasonable amount of time

12. Including one or more unconscionable and/or unreasonable terms in the written warranty and/or contract document(s)

13. Stalling and/or delaying the performance of a legal obligation

14. Representing that defects have been repaired when in fact they were not

15. Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not

16. Soliciting a person to enter into a contract or agreement that

contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement

17. Refusing to recognize the rights of buyers under the Uniform Commercial Code when the only remedy afforded by its limited warranty failed of its purpose

18. Knowingly distributing goods for retail sale to consumers that it knows or should know are defective without disclosing such

19. Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to be defective without disclosing such

20. Knowingly distributing goods for retail sale to consumers that it knows or should know will become defective after receipt by the retail seller and before purchase by the retail buyer without disclosing such

21. Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to become defective after

receipt by the retail seller and before purchase by the retail buyer
without disclosing such

22. Knowingly distributing goods for retail sale to consumers
that it knows or should know will become defective during the first
year after purchase by the retail buyer without disclosing such

23. Knowingly distributing goods for retail sale to consumers
that it knows or should know are likely to become defective during the
first year after purchase by the retail buyer without disclosing such

24. Failing to make replacement of warranted defective parts
available to a consumer within a reasonable time

25. Failing to make a refund of the cost of warranted goods
when it has failed to make replacement of warranted defective parts
available to a consumer within a reasonable time.

41. As a result of the above, inter alia, Defendant committed one or
more abusive and/or unfair and/or deceptive and/or
unconscionable acts, omissions, or practices in violation of
applicable state Udap law(s), before, during or after a consumer
transaction between one or both Plaintiffs and a supplier in relation
to the 2018 Melbourne Class C.

**WHEREFORE**, judgment is demanded against Defendant as

deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1.  above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2.  On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3.  On the third claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation,

interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
RONALD L. BURDGE
Attorneys for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:        937.432.9500
Fax:              937.432.9503
Email:            Beth@BurdgeLaw.com

Z:\data\Schafer, Stephen & Leslie\Core Pleadings\Core Complaint Schafer 060219 bw.wpd